# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KPALAGA J. JALLAH** | : | **CIVIL ACTION** |
| *Plaintiff*, pro se | : | |
| | : | **NO. 16-5513** |
| **v.** | : | |
| | : | |
| **BUCKS COUNTY CORRECTIONAL** | : | |
| **FACILITY,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                  MAY 4, 2018

## MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff Kpalaga J. Jallah ("Plaintiff"), an inmate at the Bucks County Correctional Facility, filed a civil rights action pursuant to 42 U.S.C. §1983 ("§1983") against several named individuals, in which he alleges that these individuals violated his constitutional rights by acting with deliberate indifference to his serious medical needs while incarcerated. [ECF 32]. Plaintiff has also asserted these same §1983 claims against the correctional facility.

Before this Court are three separate *motions to dismiss* filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), each seeking the dismissal of Plaintiff's second amended complaint for failure to state a claim on which relief can be granted; *to wit*: a motion by Warden Terrance P. Moore ("Defendant Warden Moore"), Victoria Gesner, M.D. ("Defendant Doctor Gesner"), and Britanie Grandinette, PA-C ("Defendant Grandinette"), [ECF 38]; a motion by the Bucks County Correctional Facility ("Defendant BCCF") and Deputy Warden Lillian Budd ("Defendant Deputy Warden Budd"), [ECF 42]; and a motion by Robert Takei, M.D. ("Defendant Doctor Takei"), [ECF 45], (collectively, "Defendants"). Plaintiff has filed

responses opposing two of the motions to dismiss.[1] [ECF 43, 44]. The issues in the motions to dismiss have been fully briefed by the parties and, therefore, are ripe for disposition.

For the reasons stated herein, Defendants' motions to dismiss are granted.

**BACKGROUND**

As noted, Plaintiff asserts §1983 claims premised upon Defendants' alleged deliberate indifference to his serious medical needs. When ruling on a motion to dismiss, this Court must accept as true all factual allegations in Plaintiff's operative complaint, here the second amended complaint, and construe these facts in the light most favorable to Plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). The following is a summary of the allegations in Plaintiff's second amended complaint; *to wit*:

> Plaintiff is, and at all relevant times, was an inmate at the Bucks County Correctional Facility. (Sec. Am. Compl. at p. 1). The Defendants are: the Bucks County Correctional Facility; Warden Terrance P. Moore; Deputy Warden Lillian Budd; Medical Physician Victoria Gessner; Physician Assistant Britanie Grandinett; and Dr. Robert Takei. (*Id*. at pp. 1-2).
>
> On October 23, 2014, Plaintiff fell and broke his right wrist while playing basketball at the Bucks County Correctional Facility. (*Id*. at p. 3). The next morning, Plaintiff underwent an x-ray performed by a physician. The x-ray showed an acute angulated and minimally displaced fracture of the distal radius and a minimally displaced acute fracture of the ulnar styloid. (*Id*.). Approximately three hours after the x-ray, Plaintiff met with Defendant Grandinette, who provided Plaintiff with the results from the x-ray, and who told him that he needed an operation and that he "should be receiving the operation in a few days." (*Id*.). Plaintiff alleges the surgery did not take place for "weeks." (*Id*.). Defendant Grandinette also told Plaintiff that he did not need a second opinion before his operation. (*Id*.).

---

[1] Plaintiff did not file a response to Defendant Doctor Takei's motion to dismiss. However, since Plaintiff's responses to the other motions to dismiss are generally applicable to all Defendants, and in light of Plaintiff's *pro se* status, this Court will not consider Defendant Doctor Takei's motion as unopposed, but rather as addressed by Plaintiff's multiple responses to the other motions to dismiss.

Plaintiff alleges that he requested medical care for pain, but that none was provided. (*Id*. at p. 3). Plaintiff also alleges that he received a "delayed operation" from orthopedic doctor, Defendant Doctor Takei, (*id*. at p. 3), and that he was denied physical therapy, which Defendant Doctor Takei recommended. (*Id*. at p. 5).

Medical records attached to Plaintiff's amended complaint indicate that Plaintiff was prescribed Vicodin and ibuprofen for pain and that he was placed on restrictions to deter further injuries to his wrist, which included, no gym, no work, low bunk, and low tier. (Sec. Am. Compl., Exs. at p. 13). He was also scheduled for an orthopedic consultation. (*Id*.).[2]

Plaintiff filed a grievance complaining of his medical care. (Amend. Compl. at p. 4). Plaintiff alleges that Defendant BCCF responded that "the medical department will handle it, which they did not." (*Id*.). Plaintiff then wrote to Defendants Warden Moore and Deputy Warden Budd, but they did not respond to Plaintiff's request to appeal. (*Id*.).

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11 (citing *Iqbal*, 556 U.S. at 677). The court must determine whether the plaintiff has pled facts sufficient to show a plausible entitlement to relief. *Fowler*, 578 F.3d at 211. If the pled facts only allow the court to *infer the mere possibility* of misconduct, then the complaint has only alleged, and not *shown*, that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)) (emphasis added). Thus, the plaintiff "must allege facts sufficient to 'nudge [his or her] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

---

[2] When ruling on a motion to dismiss, a district court can consider documents attached to a plaintiff's complaint. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

After construing the complaint in the light most favorable to the plaintiff, if the court finds that the plaintiff could not be entitled to relief, it can dismiss the claim. *Fowler*, 578 F.3d at 210.

While complaints and submissions filed by *pro se* litigants are subject to liberal interpretation and are held "'to less stringent standards than formal pleadings drafted by lawyers,'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), the court still must ensure that a *pro se* complaint contains "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Fantone*, 780 F.3d at 193 (citing *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

As stated, Plaintiff asserts civil rights claims under §1983 against each Defendant premised on his allegation that Defendants violated his constitutional rights by failing to provide adequate medical care for the broken wrist he suffered at the Bucks County Correctional Facility. In their motions to dismiss, Defendants each argue that Plaintiff has failed to plead facts sufficient to establish the requisite deliberate indifference with respect to any of the named Defendants. Defendants also argue that Plaintiff has failed to allege any personal involvement by the individual Defendants sufficient to trigger personal liability. This Court will address each of these arguments.

*Plaintiff's Deliberate Indifference Claims Against All Defendants*

Plaintiff's §1983 claims against each Defendant are premised on allegations that Defendants were deliberately indifferent to Plaintiff's serious medical needs in treating a broken wrist he suffered on October 23, 2014. In their motions to dismiss, Defendants argue that Plaintiff has failed to allege facts sufficient to establish the requisite deliberate indifference. This Court agrees with Defendants' argument.

To maintain a cause of action under §1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also* 42 U.S.C. §1983. The Eighth Amendment, the constitutional basis underlying Plaintiff's claims, prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Consistent with the Eighth Amendment, prison officials must provide basic medical treatment to prisoners. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In *Estelle*, the Supreme Court articulated the standard as follows:

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle*, 429 U.S. at 106. Thus, the question "under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *See Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

A plaintiff may meet the pleading burden by alleging facts to establish that the defendants intentionally denied or delayed medical care. *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Deliberate indifference requires that a defendant "'knows of and disregards an excessive risk to an inmate's health or safety.'" *Dominguez v. Governor of Pa.*, 574 F. App'x 63, 65-66 (3d Cir. 2014) (quoting *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003)). Under this standard, however, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk." *Farmer,* 511 U.S. at 844.

Deliberate indifference requires the defendant to have been subjectively aware of the risk of harm to the inmate and to have consciously disregarded that risk. *Atkinson v. Taylor*, 316 F.3d 257, 262 (3d Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, claims of mere negligence or medical malpractice do not amount to deliberate indifference. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 n. 2 (3d Cir. 2001). In addition, "where a prisoner has received *some* medical attention and the dispute is over the *adequacy* of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979) (citation omitted) (emphasis added). A plaintiff's disagreements and/or displeasure with his or her medical care are also insufficient to state an Eighth Amendment claim. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Spruill*, 372 F.3d at 235. This Court will first explore whether Plaintiff has pled sufficient facts to show that the prison officials acted with deliberate indifference to his fracture.

As evidenced by Plaintiff's own assertions and the medical records attached to Plaintiff's amended complaint, Plaintiff's §1983 deliberate indifference claims against Defendants lack merit. Immediately after the incident, Plaintiff received medical attention and treatment for his broken wrist. He was given ibuprofen for pain and was placed on various restrictions. An x-ray was scheduled for the next day. Once the diagnosis of the broken wrist was made, Plaintiff was prescribed Vicodin and ibuprofen for pain, and was scheduled for an orthopedic consult. As such, according to Plaintiff's own allegations and the medical records attached to Plaintiff's amended complaint, Plaintiff's wrist injury was promptly examined and diagnosed by x-ray, and Plaintiff was treated with pain medication. Plaintiff also underwent an eventual operation on his wrist. The facts pled manifest, at most, complaints and disagreements over the promptness of his

treatment, and the medications Plaintiff did or did not receive—all of which pertain to the quality or correctness of medical judgments. Such disagreements, however, are not sufficient to sustain a claim under the Eighth Amendment. *White*, 897 F.2d at 110; *Spruill*, 372 F.3d at 235. Based upon these facts, Plaintiff has not, and cannot, show the requisite deliberate indifference to support his claims. Accordingly, Plaintiff's §1983 claims against Defendants fail as a matter of law, and are dismissed.

### *Claims Against Defendant Grandinette*

In addition to the reasons set forth above, Plaintiff's §1983 claims against Defendant Grandinette also lack merit because the specific allegations against her do not amount to deliberate indifference. With respect to Defendant Grandinette, Plaintiff alleges only that Defendant Grandinette told Plaintiff that he did not need a second opinion. In this Court's view such allegation does not amount to deliberate indifference. *See Turner v. Kirsch*, 2011 WL 1430300, at *6 (E.D. Pa. Apr. 13, 2011) (holding that the denial of a prisoner's request for a second medical opinion did not constitute deliberate indifference); *Featherstone v. Lowe*, 2006 WL 3484296, at *2-3 (M.D. Pa. Nov. 30, 2006) (same).

On the other hand, Plaintiff also alleged that Defendant Grandinette advised him of the results of his x-ray and the need for an operation. (*See* Sec. Am. Compl. at p. 2). Clearly, this assertion demonstrates Defendant Grandinette's provision of or willingness to provide Plaintiff medical treatment. As such, Plaintiff has not shown deliberate indifference as to Defendant Grandinette.

### *Claims Against Defendant Doctor Takei*

Similarly, Plaintiff's specific §1983 claims against Defendant Doctor Takei lack merit. With respect to Defendant Doctor Takei, Plaintiff alleges only that Defendant Doctor Takei

performed an operation on his right wrist and later recommended that Plaintiff undergo physical therapy. These allegations not only fail to show any deliberate indifference, but they actually support that Defendant Doctor Takei provided Plaintiff medical care. As such, Plaintiff has not and cannot show deliberate indifference as to Defendant Doctor Takei.

### *Claims Against Defendant Doctor Gessner*

In her motion to dismiss, Defendant Doctor Gessner argues that the claims asserted against her should also be dismissed because Plaintiff has failed to allege facts to support a finding that she was personally involved in the alleged inadequate medical care or treatment. This Court agrees.

It is well-settled that "a defendant must be personally involved in the alleged actions for liability to attach under section §1983." *Bonham v. Givens*, 197 F. App'x 148, 150 (3d Cir. 2006) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976)). An individual defendant cannot be liable predicated solely on the operation of a *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown by allegations of personal direction or of actual knowledge and acquiescence. *Id*. Such allegations, however, must be made with appropriate particularity in the complaint and must include the particulars of the conduct, time, place and person responsible. *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005); *Rode*, 845 F.2d at 1207-08. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

A careful review of the allegations in the second amended complaint confirms that, other than being named as a Defendant, Plaintiff has made no specific factual assertions that Defendant Doctor Gessner had any personal involvement in the purported violations of

Plaintiff's constitutional rights. At best, Plaintiff alleges in conclusory and threadbare fashion that Defendants collectively denied him adequate medical treatment. Plaintiff does not allege any specific facts indicating that Defendant Doctor Gessner personally participated in the alleged claimed violations arising out of Plaintiff's medical care. Based on the above-cited case law, such allegations are insufficient to satisfy the personal involvement requirement of *Rode*. As such, Plaintiff's claims against Defendant Doctor Gessner fail as a matter of law.

### *Claims Against Defendants Warden Moore and Deputy Warden Budd*

Defendants Warden Moore and Deputy Warden Budd also argue that the §1983 claims against them should be dismissed because the allegations against them do not amount to deliberate indifference. This Court agrees.

With regard to these two Defendants, Plaintiff merely alleges that they did not respond to his request to appeal his grievance. (*See* Sec. Am. Compl. at p. 4). Such allegations are insufficient as a matter of law to hold these defendants liable for claims premised on deliberate indifference to medical needs or treatment. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that an inmate's allegations that prison officials and administrators responded inappropriately to his grievances did not establish personal involvement sufficient to maintain a deliberate indifference claim because the allegations did not establish those defendants' involvement in the treatment itself); *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (holding that a defendant who is not a physician cannot be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor."); *Jones v. Tritt*, 2017 WL 4444207, at *9 (M.D. Pa. Oct. 5, 2017) (holding that inmate could not allege that dissatisfaction with corrections staff members established deliberate indifference because they were non-medical professionals

unable to prescribe care); *Liverman v. Gubernik*, 2008 WL 5427904, at *4 (E.D. Pa. Dec. 30, 2008) (holding that "merely receiving and failing to respond to a grievance sent by a prisoner is not sufficient to demonstrate personal involvement of a prison supervisor . . . ."). As such, Plaintiff has not asserted facts sufficient to establish either personal involvement or deliberate indifference by either of these two Defendants.

### *Claims Against Defendant BCCF*

Defendant BCCF also moves to dismiss the claims asserted against it on the basis that it is not a proper defendant under §1983. In his response, Plaintiff fails to address this argument. Regardless, this Court agrees with Defendant BCCF.

It is well-settled that a prison or jail is not a proper defendant to a §1983 claim. *See, e.g., Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016) (holding that a "prison is not an entity subject to suit under 42 U.S.C. §1983."); *Phippen v. Nish*, 223 F. App'x 191, 192 (3d Cir. 2007) (holding that a prison was not a "person" for purposes of claims under §1983); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that prison "may not be sued under 42 U.S.C. §1983 since it is not a person."). As such, Plaintiff's §1983 claims against Defendant BCCF are dismissed.

### *Leave to Amend*

The Third Circuit has directed district courts to provide a civil rights plaintiff with an opportunity to file an amended complaint when the original complaint is subject to dismissal under Rule 12(b)(6), "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. This Court finds that any attempt to amend Plaintiff's complaint a third time would be legally futile because the allegations in his existing amended complaint and the medical records attached thereto show that he was provided medical care for his wrist injury. In light of

these allegations and the medical records on which Plaintiff relies, Plaintiff cannot demonstrate the requisite deliberate indifference. Therefore, leave to amend the complaint is denied.

**CONCLUSION**

For the reasons stated herein, Defendants' motions to dismiss are granted, and Plaintiff's claims against Defendants are dismissed. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.